**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

NICOLE L. MCGUIRE, *

*Plaintiff*, *

v. * Civil Action No. RDB-25-1433

HARFORD COUNTY, *

*Defendant*. *

* * * * * * * * * * * * *

# MEMORANDUM OPINION

In this employment discrimination case, Plaintiff Nicole L. McGuire ("Ms. McGuire" or "Plaintiff") sues her former employer Defendant Harford County, Maryland ("County" or "Defendant") for federal discrimination claims. Ms. McGuire worked for the County as a Public Safety Dispatcher of varying levels between April 2001 and June 2016, when her position was eliminated. (ECF No. 14 ¶¶ 1-5). In 2016, the County informed Ms. McGuire that if she returned to its employment within seven years, she would receive full credit for her prior period of employment. (*Id.* ¶ 6). In 2022, Ms. McGuire expressed to the County her interest in returning to work as a Public Safety Dispatcher, but Defendant required her to observe a formal application process and offered her the position of Public Dispatcher, Probationary, without credit for her prior service. (*Id.* ¶¶ 8-16). She alleges that a similarly situated, former male employee was not required to formally apply and was hired as a Public Safety Dispatcher II. (*Id.* ¶ 15). Ms. McGuire ultimately did not return to work for the County. (*Id.* ¶¶ 18-20).

Rather, on December 28, 2022, Ms. McGuire filed an administrative charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 29). Upon the completion of the EEOC investigative process, (*id.* ¶ 30), the EEOC did not proceed with this complaint but issued a right-to-sue letter to Ms. McGuire. (*Id.* ¶ 33). Ms. McGuire ultimately initiated this action on May 4, 2025. (ECF No. 1).

Presently pending before this Court is Plaintiff's Motion in Limine (ECF No. 56) (the "Motion"), which asks the Court to find admissible (1) the EEOC's determination on the merits of Plaintiff's claims (ECF No. 46-9); and (2) the County's position statement and related communications to the EEOC. *See, e.g.*, (ECF No. 46-7). Defendant has responded in Opposition to Plaintiff's Motion (ECF No. 59). The Parties' submissions have been reviewed, and an on-the-record telephonic hearing was held on November 5, 2026, during which this Court ruled upon the Motion.

For the reasons set forth on the record at that hearing and elaborated below, Plaintiff's Motion in Limine (ECF No. 56) is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is DENIED as to the EEOC's determination on the merits of Plaintiff's claims (ECF No. 46-9), which the Court finds is unduly prejudicial under Federal Rule of Evidence 403 and is therefore inadmissible in this action. Plaintiff's Motion is GRANTED as to the County's position statement (ECF No. 46-7) and the County's related communications to the EEOC, which the Court finds are admissible.

## BACKGROUND

### A. Factual Background

Ms. McGuire was employed by Harford County both full-time and later on a part-time basis, from April 2001 to June 2016 as a Public Safety Dispatcher of varying levels. (ECF No. 14 ¶¶ 1-5). The County eliminated her part-time position in June 2016 as part of its decision to eliminate all part-time positions. (*Id.* ¶ 5). Ms. McGuire was informed by Defendant's Director of Emergency Services, Edward Hopkins ("Mr. Hopkins"), and Deputy Director of Emergency Services, Rick Ayers ("Mr. Ayers"), that if she returned to work for Defendant within seven years, she would receive full credit for her prior period of employment. (*Id.* ¶ 6).

After the conclusion of Ms. McGuire's employment with the County, Ms. McGuire held public safety and emergency management roles with the Belair Police Department, Carroll County, and Maryland Joint Operations Center. (*Id.* ¶¶ 7-8). Ms. McGuire began to express interest in re-employment with Harford County in 2020. (*Id.* ¶ 10). In June 2020, Ms. McGuire was advised by Mr. Hopkins, that since Ms. McGuire had left County employment for more than one year, the County would not be able to re-hire her without a posting, but that the County had recently completed posting and hiring. (*Id.* ¶ 10). On March 8, 2022, Ms. McGuire contacted R. Ross Coates, Public Safety Manager for Harford County, ("Mr. Coates"), to inquire about returning to work for Harford County. (*Id.* ¶ 11). She received a similar response from Mr. Coates on March 22, 2022, informing Ms. McGuire that they had just completed a recruitment cycle and there were no vacant positions. (*Id.* ¶ 11).

Ms. McGuire alleges that she was treated less favorably than a male comparator, Timothy Coale ("Mr. Coale"), who sought re-employment during this same period. Mr. Coale sought re-employment with the County in March 2022, when it had been more than four years since he worked there. (*Id.* ¶ 14). The County rehired Mr. Coale as a Public Safety Dispatcher II and he allegedly was not required to formally apply, attend an in-person interview, or take any typing, CritiCall, or position compatibility tests prior to rehiring. (*Id.* ¶ 15). Plaintiff further alleges that Mr. Coale returned to work for Defendant at a compensation rate of $61,280 per year, but, when she finally received an offer to return to work, she was offered only $45,320 per year. (*Id.* ¶ 21). Ms. McGuire alleges that she and Mr. Coale shared comparable employment history as a public safety dispatcher with the County, held professional certifications for public safety dispatcher when they sought to return to work for the County, and both had prior experience as a Public Service Dispatcher II and III. (*Id.* ¶¶ 12-13, 21).

On August 8, 2022, Harford County posted an opening for Public Safety Dispatchers, Probationary. (*Id.* ¶ 15). Plaintiff learned that to be hired for this position, she would need to (1) formally apply; (2) attend an in-person interview; and (3) take a typing test, a two-hour, online CritiCall test, and a position compatibility test. (*Id.*). Ms. McGuire completed these requirements and received an offer for the Public Safety Dispatcher, Probationary position. (*Id.* ¶ 16). The pay rate was $21.79 hourly, which was 63 cents more per hour than a dispatcher with no experience would have been paid. (*Id.*). Ms. McGuire was also informed that upon her return, she would not receive credit for her prior years of service and, instead, would have to follow the normal path for career promotion to advance to the position of Public Safety Dispatcher Level I and beyond. (*Id.* ¶ 16).

On September 29, 2022, during a phone call with Defendant's Human Resources Generalist Jacqueline Minaya ("Ms. Minaya"), Ms. McGuire complained that she received less favorable treatment than Mr. Coale had received when he was rehired in March 2022. (*Id.* ¶ 18). At the end of this call, Ms. Minaya told Ms. McGuire that she would arrange for her to discuss this concern with Director of Human Resources, Tiffany Stephens ("Ms. Stephens"). (*Id.*). The next day, Ms. Minaya sent Ms. McGuire an e-mail stating:

> As promised, I am following up with you regarding our conversation yesterday. I was able to speak with the Director of HR, Tiffany Stephens, and have explained your concerns. She advised that we are firm on the offer we provided. Since you have verbally declined that offer to us yesterday, we will proceed with other candidates. Thank you for taking the time to interview for this position. I wish you much success in your future endeavors.

(*Id.*). Ms. McGuire requested to meet with Ms. Stephens to discuss her concerns, but she alleges that "Ms. Stephens proceeded to effectively stonewall Ms. McGuire and refused to meet with her." (*Id.* ¶ 19). Ms. McGuire ultimately did not return to work for the County. (*Id.* ¶ 20).

On December 28, 2022, Ms. McGuire filed an administrative charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and cross filed that complaint with the Maryland Commission on Civil Rights. (*Id.* ¶ 29). Ms. McGuire alleges that Defendant submitted a Position Statement to the EEOC on February 3, 2023. (*Id.* ¶ 34). In this Position Statement (attached at ECF No. 46-7), Plaintiff alleges that the County represented that (1) Mr. Coale was rehired based on a recruitment effort for the position of Public Safety Dispatcher II that occurred between September 1 and September 15, 2021, (ECF No. 14 ¶ 34); (2) Ms. McGuire did not apply for Public Safety Dispatcher II in September

2021 or anytime thereafter, (*id.*); and (3) Ms. McGuire and Mr. Coale "were not hired pursuant to the same hiring process, possessed different qualifications, were hired to fill different positions, and were not similarly situated," (*id.* ¶ 35). Ms. McGuire alleges that these statements were false, and she informed the EEOC that the only position posted in 2021 was Public Safety Dispatcher Probationary. (*Id.*). She alleges that, in August 2024, after the EEOC requested a copy of the original September 2021 job posting, Defendant advised to the EEOC via email that the reference to Public Safety Dispatcher II was in error and the September 2021 recruitment effort had been for Public Safety Dispatcher, Probationary. (*Id.* ¶¶ 36-38). Ms. McGuire alleges that Defendant's statements to the EEOC demonstrate Defendant's intent to discriminate against her based on her gender and to retaliate against her. (*Id.* ¶ 39).

Ms. McGuire alleges that, on September 17, 2024, the EEOC's Regional Director, Rosemarie Rhodes, issued a determination finding reasonable cause to conclude that Defendant violated Title VII by discriminating against Ms. McGuire in hiring based on her gender, including subjecting her to a disparate application process and offering her lower compensation than a similarly situated male applicant (the "Determination," attached at ECF No. 46-9). (ECF No. 14 ¶ 30). She alleges that the EEOC determined that Defendant engaged in retaliation by "moving on to other candidates after [Plaintiff] raised her concerns about the initial job offer." (*Id.* ¶ 31). Ms. McGuire alleges that the EEOC offered Defendant an opportunity to resolve the charges, but she declined Harford County's offer of resolution. (*Id.* ¶ 32). On February 3, 2025, the EEOC issued Ms. McGuire a Notice of Right to Sue. (*Id.* ¶ 33).

**B. Procedural History**

On May 4, 2025, Ms. McGuire initiated this lawsuit by filing in this Court a two-Count Complaint (ECF No. 1), alleging against Defendant state and federal claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Plaintiff later filed the operative Amended Complaint (ECF No. 14) on July 14, 2025, alleging three claims against Defendant: (1) a federal claim of sex discrimination in hiring in violation of Title VII (Count I); (2) a federal claim of retaliation in violation of Title VII (Count II); and (3) a state claim of discrimination in violation of the Maryland Equal Pay for Equal Work Act ("MEPWA"), MD. CODE ANN., LAB. & EMPL. § 3 304(b) (Count III). Ruling upon the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 15), this Court dismissed only Count III's claim of discrimination in violation of MEPWA. (ECF No. 22 at 23).

Plaintiff filed a Motion to Compel Discovery and to Extend the Discovery Period and Related Case Deadlines on June 3, 2026. (ECF No. 29) ("Motion to Compel"). Defendant opposed the Motion to Compel (ECF No. 34) to which Plaintiff replied (ECF No. 40). Magistrate Judge Crawford of this Court denied the Motion to Compel on August 27, 2026. (ECF No. 51). Plaintiff appealed this decision on September 11, 2026 (ECF No. 52), and the undersigned held a telephonic hearing to address these issues on September 28, 2026. (ECF No. 54). During that conference, the Court declined to review Judge Crawford's decision denying Plaintiff's request to depose the County attorney, but directed that Plaintiff submit a proffer of evidence as to what occurred before the EEOC and its admissibility. (ECF No. 54). Plaintiff filed the presently pending Motion in Limine on October 9, 2026, (ECF No. 56).

Defendant responded in opposition on October 23, 2026, (ECF No. 59), to which Plaintiff did not reply.

In addition, Defendant has filed a Motion for Summary Judgment on June 26, 2026 (ECF No. 35), which has been fully briefed and is pending. (ECF No. 49). This opinion does not address the Motion for Summary Judgment.

## STANDARD OF REVIEW

Evidence is admissible only if it is relevant. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, even relevant evidence may be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ANALYSIS

### A. Plaintiff's request that the Court find admissible the EEOC's Determination.

Plaintiff petitions this Court to find admissible the EEOC's September 17, 2024, Determination on Plaintiff's claims of discrimination against the County. (ECF No. 56 at 1 (citing ECF No. 46-9)). Notably, the EEOC's Determination explained that certain facts in the County's position statement regarding the rehiring of Mr. Coale were inaccurate. (ECF No. 46-9 at 1). The EEOC's Determination ultimately found reasonable cause for the violations:

> Based on the foregoing, I[,] [Director Rosemarie Rhodes,] find that there is reasonable cause to believe that [the County] violated Title VII during [Plaintiff's] hiring process, including subjecting [Plaintiff] to disparate application processes, such as tests, and offering her a salary substantial lower than a similarly situated male. Further, during the investigation, evidence revealed that Respondent also retaliated against the [Plaintiff] in violation of Title VII, after she raised concerns about the salary she was being offered. The evidence reveals that Respondent retaliated against the Charging Party in violation of Title VII by moving on to other candidates after she raised her concerns about the initial job offer.

(ECF No. 46-9 at 2).

Plaintiff contends that the Court has broad discretion to consider the EEOC's Determination since administrative agency determinations may be admitted under this Circuit's precedent. (ECF No. 56 at 3-4). Plaintiff contends that the EEOC's Determination is admissible pursuant to Federal Rule of Evidence 803(8), which provides a hearsay exception for "a record or statement of a public office if . . . it sets out . . . in a civil case . . . factual findings from a legally authorized investigation," and the opponent "does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(A)(iii), (B). Plaintiff asserts that the EEOC's investigation was "thorough and lengthy" as it lasted approximately 21 months; the County was represented by counsel throughout the investigation; and there are no indications that the Determination is "unreliable or incomplete, or that the consideration of such would be unduly prejudicial." (ECF No. 56 at 5-6).

In response, Defendant does not dispute Plaintiff's arguments that the EEOC Determination satisfies the hearsay exception outlined in Federal Rule of Evidence 803(8)(A). Instead, Defendant contends that the EEOC Determination should be excluded because it is unduly prejudicial: the EEOC Determination bears on "ultimate issues before this Court,"

would "usurp the role of the jury," and was issued by a government authority with expertise in employment discrimination. (ECF No. 59 at 1, 7).

This Court finds that the EEOC Determination should be excluded because it is more prejudicial than probative under Federal Rule of Evidence 403. As Defendant aptly notes, a trial under Title VII is *de novo*, whether brought by the EEOC or the plaintiff that filed the charge against the EEOC; it is not a review of the EEOC's determination. *Georator Corp. v. Equal Emp. Opportunity Comm'n*, 592 F.2d 765, 767 (4th Cir. 1979); *Equal Emp. Opportunity Comm'n v. General Elec. Co.*, 532 F.2d 359, 370 (4th Cir. 1976). Thus, in general, an EEOC determination is not particularly probative. If admitted, however, an EEOC determination presents a risk of unfair prejudice because it "comes with the imprimatur of government approval." *Roberts v. Wal-Mart Stores, Inc.*, 95-0059-H, 1997 WL 38138, at *2 (W.D. Va. Jan. 28, 1997). The jury could give the EEOC's conclusions greater weight and effectively "usurp[] the role of the jury as a factfinder." *Id.* at *2. Accordingly, courts within this Circuit have excluded similar EEOC determinations where these risks outweigh the probative value. *Price v. Grasonville Volunteer Fire Dep't*, No. CV ELH-14 1989, 2016 WL 6277666, at *4 (D. Md. Oct. 26, 2016); *Holley v. N. Carolina Dep't of Admin., N.C.*, 846 F. Supp. 2d 416 (E.D.N.C. 2012); *Rhinehart v. City of Gastonia*, 3:07-CV-541DCK, 2010 WL 1926444, at *1 (W.D.N.C. May 11, 2010); *see also Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1358 (4th Cir. 1995) (affirming exclusion of a Virginia Employment Commission report under Fed. R. Evid. 403, finding the jury would place undue weight upon it).

This Court likewise finds that the EEOC Determination in this case bears on the ultimate issues to be determined by the jury and would be unduly prejudicial as an effective

endorsement of Plaintiff's claims by the EEOC. *Roberts*, 1997 WL 38138, at *2. The EEOC Determination is also not particularly probative because it devotes three substantive paragraphs to its analysis, which appears to adopt Plaintiff's allegations without indicating the sources relied upon. *See, e.g.*, *Price*, 2016 WL 6277666, at *4-5. The Court, therefore, denies Plaintiff's Motion in Limine as to the EEOC Determination, which is inadmissible.

**B. Plaintiff's request that the Court find admissible Harford County's Position Statement to the EEOC and related communications to the EEOC.**

Plaintiff petitions this Court to find admissible the County's Position Statement to the EEOC, and other communications between the County and the EEOC related to this dispute. (ECF No. 56 at 6 (citing ECF No. 46-7)). Plaintiff contends that the County's Position Statement contains inaccurate representations regarding the circumstances surrounding Mr. Coale's rehiring, which the County corrected, albeit sixteen months later. (ECF No. 56 at 6-7). The evidence therefore bears on the County's credibility, Plaintiff's claim of pretext, and the strength of Plaintiff's comparator evidence. (ECF No. 56 at 7-8). Plaintiff contends that the County's statements are admissible under the hearsay exception in Federal Rule of Evidence 801(d)(2) as an opposing party's statement.

In response, the County claims that communications it has submitted to the EEOC are irrelevant because they took place after the facts giving rise to the alleged discrimination and retaliation claims, and admitting these communications authored by a County attorney would be unduly prejudicial and confusing to the jury. (ECF No. 59 at 10). The County does not dispute Plaintiff's argument that the Position Statement and other communications satisfy the hearsay exception as a statement of an opposing party. *See generally* (ECF No. 59).

The Court finds that the County's Position Statement and communications to the EEOC related to this dispute are admissible and are not unduly prejudicial. Based on the submissions presently before the Court, the County's statements fit within the hearsay exception as statements of an opposing party because the statements were made by an authorized County attorney on the County's behalf. *See* Fed. R. Evid. 801(d)(2); *see, e.g.*, *Equal Emp. Opportunity Comm'n v. Watergate at Landmark Condo.*, 24 F.3d 635, 640 (4th Cir. 1994) (affirming admissibility of statements that agents of condominium association made as non-hearsay); *Donley v. Stryker Sales*, 906 F.3d 635, 638 (7th Cir. 2018) (collecting cases admitting employer's EEOC position statements (citing Fed. R. Evid. 801(d)(2))). The statements are relevant to the County's credibility and particularly in relation to Plaintiff's asserted comparator. *See, e.g.*, *Donley*, 906 F.3d at 638-39 (reversing summary judgment for employer upon finding that reasonable jury could have found retaliation based upon the conflicting explanations provided in employer's EEOC position statement and deposition testimony). Moreover, the timing of the County's communications and the representative capacity of the attorney go to the weight and not the admissibility of the County's statements. The Court finds that the County's Position Statement and communications to the EEOC related to this action are admissible.

## CONCLUSION

For the reasons set forth on the record at the telephonic hearing on November 5, 2026, and stated above, Plaintiff's Motion in Limine (ECF No. 56) is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion is DENIED as to the EEOC's determination on the merits of Plaintiff's claims (ECF No. 46-9), which the Court finds is inadmissible in this action. Plaintiff's Motion is GRANTED as to the County's position statement (ECF No. 46-7) and the County's related communications to the EEOC, which the Court finds are admissible.

A separate Order follows.

Date: November 10, 2026

/s/
Richard D. Bennett
United States District Judge